NOT DESIGNATED FOR PUBLICATION

No. 113,656
No. 113,657

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMIAH PYRTLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed February 12, 2016. Affirmed.

Submitted for summary disposition under K.S.A. 2015 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., GREEN and STANDRIDGE, JJ.

*Per Curiam*: Jeremiah Pyrtle appeals the decision of the trial court revoking his probation and ordering him to serve his underlying sentence. We granted Pyrtle's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Concluding that the trial court did not abuse its discretion in revoking Pyrtle's probation, we affirm.

On October 14, 2014, Pyrtle pled guilty to one count of theft in Case No. 14CR1580 and one count of aggravated battery in Case No. 14CR2161. On December 4,

1

2014, Pyrtle was sentenced to a controlling 24 months' probation with an underlying 28-month prison sentence for both cases.

At a hearing on February 17, 2015, Pyrtle stipulated to violating his probation by failing to report as directed, failing to provide valid phone numbers, and failing to start substance abuse treatment as directed. The trial court revoked Pyrtle's probation and ordered him to serve his underlying prison sentence. Pyrtle timely appealed from the probation revocation.

On appeal, Pyrtle claims that the trial court erred in revoking his probation and in ordering him to serve his underlying prison sentence. Pyrtle acknowledges that the decision to revoke probation rests within the trial court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the trial court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the trial court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Pyrtle acknowledges, K.S.A. 2015 Supp. 22-3716(c)(9) provides that the trial court may revoke probation without having previously imposed an intermediate sanction if it finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction. Here, the trial court gave the following reasons for finding that

2

Pyrtle's probation should be revoked: "[Pyrtle's] recent and ongoing substance abuse and failure to be in any sort of treatment or comply with any repeated orders of this Court as to that treatment. And, further, that the facts of this offense indicate he is a danger to the public." The trial court further found that Pyrtle's welfare would not be served by requiring an intermediate sanction based on his history and the fact that Pyrtle had numerous convictions involving violence. The trial court's decision to revoke Pyrtle's probation clearly complied with the requirements set forth in K.S.A. 2015 Supp. 22-3716(c)(9); was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or on an error of fact. See *Ward*, 292 Kan. at 550. Thus, we conclude that the trial court did not abuse its discretion in revoking Pyrtle's probation and the trial court properly ordered him to serve his underlying prison sentence.

Affirmed.